**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 22, 2023
Date Decided: August 23, 2023

Jennifer August
2 Black Duck Reach
Rehoboth Beach, Delaware 19971

Aaron E. Mooore, Esquire
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, Delaware 19899

Re:   *August v. The Glade Property Owners Association, Inc., et al.*,
C.A. No. 2020-0834-BWD

Dear Counsel and Ms. August:

This letter opinion addresses Plaintiff Jennifer August's Exceptions to the Magistrate's Final Reports of May 1, 2023, and May 11, 2023 (the "Reports"); the Defendants' Exceptions to the Reports will be addressed separately. Ms. August is a resident of a housing development on Holland Glade, between Lewes and Rehoboth, known (rather generically) as "The Glade." She has sued her homeowners' association and associated persons and entities, with a variety of complaints. Before me are Exceptions to the Reports, which address cross-motions for summary judgement. Ms. August is a pro se litigant who is obviously intelligent and articulate, as demonstrated at oral argument on the Exceptions; she is also an enthusiastic litigant. Her Exceptions are plethoric—she stated dozens in oral argument and perhaps more in her briefing. After a careful, de novo review of the

record,[1] however, I affirm and adopt the well-reasoned, careful, and patient analysis in the Reports as it pertains to Plaintiff's Exceptions.

The Plaintiff's Exceptions fall into three buckets. First, she raises purported exceptions to an earlier Master's decision, dated March 15, 2023. Those exceptions were filed on August 16, 2023, and are thus untimely.[2] The second bucket involves the Magistrate's analysis of her statutory claims and tort claims, which (for the reasons stated in the Reports) I find correct and adopt as a decision of this Court. The third bucket is brimful of complaints that the Magistrate did not adequately state what evidence and issues were fair game for forthcoming litigation on those causes of action for which the Magistrate denied the Defendants' Motions for Summary Judgement, and which remain for trial. Those "exceptions", which amount to requests for advisory rulings on matters in the Magistrate's docket, are unripe.

Accordingly, Ms. August's Exceptions are DENIED. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[1] Pursuant to the standard set out in our Supreme Court's Opinion in *Digiaccobe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[2] Ct. Ch. R. 144(d)(1). The Plaintiff contends she was not on notice of this decision, and has filed for relief with the Magistrate, under Rule 60(b). My denial of Plaintiff's Exceptions is without prejudice to this motion, which is, presumably, before the Magistrate.